UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6565 CAS (VBKx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | SEBO BARSEGHIAN v. ALLSTATE INSURANCE COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:

Alexander Cohen
Michelle Smythe

Attorneys Present for Defendants:

Joshua Willis

**Proceedings:** **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** (filed 3/1/2012)

**PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE AMENDED STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** (filed 4/17/2012)

**I.    INTRODUCTION**

On June 15, 2011, plaintiff Sebo Barseghian filed the instant action in Los Angeles County Superior Court against Allstate Insurance Company and Does 1–20, alleging three claims for relief: (1) breach of contract; (2) declaratory relief; and (3) breach of the implied covenant of good faith and fair dealing. The gravamen of plaintiff's complaint is that defendant has failed to fully insure him for water damage that resulted from a plumbing line rupturing in his home. Compl. ¶¶ 7, 11. On August 10, 2011, defendant removed to this Court on the basis of diversity jurisdiction .

On March 1, 2012, defendant filed the instant motion for summary judgment on the ground that the action is barred by the one-year statute of limitations contained in the insurance contract. On April 2, 2012, plaintiff filed his opposition. On April 9, 2012, defendant filed its reply.[1] The Court held a hearing on April 23, 2012. After carefully

---

[1] On April 17, 2012, plaintiff filed an ex parte application for leave to file an amended statements of genuine dispute based on an inadvertent error in plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6565 CAS (VBKx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | SEBO BARSEGHIAN v. ALLSTATE INSURANCE COMPANY, ET AL. | | |

considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.    BACKGROUND**

Defendant issued a Deluxe Homeowner's insurance policy, AP2, Policy No. 904415057 (the "policy") to plaintiff effective from May 23, 2009, through May 23, 2010.  Plaintiff's Statements of Genuine Dispute ("PSGD") ¶ 1.  The policy contains the following statute of limitations provision: "Suit Against Us—No suit or action may be brought against us unless there has been full compliance with all policy terms.  Any suit or action must be brought within one year after the inception of loss or damage."  Id. ¶ 2.  The policy also contains the California Standard Fire Policy Provision endorsement AP1862-1, which provides that "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all of the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of loss."  Id. ¶ 3.  Finally, the policy includes endorsement AP4482-1 which provides that a maximum of $5,000 will be paid for mold remediation "[i]n the event of a covered water loss."  Defendant's Appendix of Exhibits, Exh. A at 71–74; PSGD ¶ 8.

---

original statements of genuine dispute.  Specifically, plaintiff intended to dispute defendant's assertion that the instant action was filed "32 days after the statute of limitations expired."  On April 19, 2012, defendant filed an opposition to the ex parte, arguing that "allowing [p]laintiff to amend his response to change his position entirely after Allstate has already filed its reply brief would undermine the integrity of the whole judicial process . . . ."  Dkt. No. 26 at 1.  Defendant's contentions are unfounded.  Obviously, given the fact that plaintiff filed an opposition to defendant's motion, plaintiff meant to dispute the assertion that his complaint was not filed in a timely fashion.  Fed. R. Civ. P. 60(b)(1) permits amendments to filings upon a showing of "excusable neglect."  Here, plaintiff has demonstrated excusable neglect through his counsel's carelessness.  See Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) ("[A]ttorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1).").  Accordingly, plaintiff's ex parte is GRANTED and his proposed amended statements of genuine dispute is hereby deemed filed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6565 CAS (VBKx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | SEBO BARSEGHIAN v. ALLSTATE INSURANCE COMPANY, ET AL. | | |

According to plaintiff, there was a "sudden and accidental rupture of a plumbing line which flooded portions of his home" on April 21, 2010.  Compl. ¶ 7.  On April 24, 2010, plaintiff reported the claim to defendant.  PSGD ¶ 5.  Leak detectors determined that the loss was the result of a pressurized hot water leak behind the shower on April 30, 2010.  Id. ¶ 7.  On May 8, 2010, Allstate issued an initial check to plaintiff for $10,982.81, $5,000 of which was for mold damage.  Id. ¶ 10.  On May 17, 2010, Allstate issued a supplemental payment of $5,715.03 along with a letter providing an explanation for the payment calculation and instructions for how plaintiff could file a claim for recoverable depreciation within the next year.  Id. ¶ 13; Defendant's Appendix of Exhibits, Exh. H.

According to plaintiff, his attorney wrote to defendant on June 1, 2010, requesting that additional unpaid damages be treated as water-related, rather than mold-related, in order to increase recovery under the policy.[2]  PSGD ¶ 15.  That letter stated: "My client is in receipt of two check drafts in the amounts of $10,892.81 and $5,715.03 toward the payment of this water loss . . . as the enclosed estimate indicates, the water loss damages sustained by our client is significantly greater than this combined amount."  On June 3, 2010, defendant sent plaintiff a denial letter stating: "[Allstate] paid up to the limit within the policy for mold related remediation and repairs, as well as for the water related damages that initially took place in the absence of any mold . . . I do not see any additional coverage that can be provided for the additional repair work necessary in the home as result of the mold related repairs."  DSUF ¶ 16; Defendant's Appendix of Exhibits, Exh. K.  On June 24, 2012, defendant sent plaintiff another letter stating: "Due to policy conditions, I am unable to provide more coverage for the claimed water damages vs the mold damages that have been previously adjusted" and concluded the letter by citing the one-year limitations provision in the policy.  Decl. of Arash Khorsandi ("Khorsandi Decl."), Exh. M at 1–2; PSGD ¶ 21; Mot. at 2 n. 1.[3]

---

[2] Defendant characterizes this letter as a request for "reconsideration of Allstate's denial of additional coverage under the Policy."  Defendant's Statement of Uncontroverted Facts ("DSUF") ¶ 15.

[3] Contemporaneously with its reply, defendant submitted eleven evidentiary objections to the declaration of Arash Khorsandi and one evidentiary objection to the declaration of Alexander Cohen.  Dkt. No. 22.  Defendant argues that certain statements

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6565 CAS (VBKx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | SEBO BARSEGHIAN v. ALLSTATE INSURANCE COMPANY, ET AL. | | |

Plaintiff filed the instant action on June 15, 2011.

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the

---

in the declarations are based on hearsay, irrelevant, lack foundation, or violate the best evidence rule. Id. Defendant's fourth, eighth, and ninth objections regarding Khorsandi's interpretation of the contents of the June 3 and June 24, 2010 letters are sustained as violating the best evidence rule, Fed. R. Evid. § 1002, because the letters speak for themselves. Because the Court does not rely on any of the remaining statements to which defendant objects, all other objections are overruled as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6565 CAS (VBKx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | SEBO BARSEGHIAN v. ALLSTATE INSURANCE COMPANY, ET AL. | | |

party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.   DISCUSSION

Defendant argues that the instant action is barred by the one-year statute of limitations contained in the policy. Mot. at 10. Under California law, a one-year limitations provision is a mandatory term required by Cal. Ins. Code §§ 2070–71. Vashinstha v. Allstate Ins. Co., 989 F. Supp. 1029 (C.D. Cal. 1997); Cal. Ins. Code §§ 2070–71. The limitation applies to all claims "predicated on . . . failure to pay policy benefits." Vashinstha, 989 F. Supp. at 1033. The one-year statute of limitations period begins to run at the "inception of the loss[,]" which is

> that point in time when appreciable damage occurs and is or should be known to the insured, such that a reasonable insured would be aware that his notification duty under the policy has been triggered. The inception of the loss occurs when the insured should have known that appreciable damage had occurred, not when the homeowner learned the true extent of the damage.

Campanelli v. Allstate Life Ins. Co., 322 F.3d 1086, 1094 (9th Cir. 2003).

However, the statute of limitations is "equitably tolled from the time the insured files a timely notice, pursuant to policy notice provisions, to the time the insurer formally denies the claim in writing." Prudential-LMI Com. Insurance v. Superior Court, 51 Cal. 3d 674, 687 (1990).

Here, the parties do not dispute that the "inception of the loss" occurred on April 21, 2010. See Compl. ¶ 7; Mot. at 10. Nor is it disputed that plaintiff commenced the instant action on June 15, 2011. See Mot. at 11; Opp'n at 12. Finally, the parties do not dispute that the statute of limitations was tolled on April 24, 2010, the date on which plaintiff reported the claim to defendant. PSGD ¶ 5; Mot. at 11; Opp'n at 12. Therefore, the question of whether the statute of limitations expired before the commencement of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6565 CAS (VBKx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | SEBO BARSEGHIAN v. ALLSTATE INSURANCE COMPANY, ET AL. | | |

this action depends on the date that tolling ceased, i.e. "the time the insurer formally denie[d] the claim in writing." Prudential-LMI Com. Insurance, 51 Cal. 3d at 687.

### A. Tolling of the Statute of Limitations

Defendant argues that the statutory tolling ended on either May, 17, 2010, when it made a final supplemental payment to plaintiff, or on June 3, 2010, when defendant sent a letter to plaintiff "unequivocally den[ying]" plaintiff's request for further payment. Mot. at 10 (citing June 3, 2010 letter that states: "[Allstate] paid up to the limit within the policy for mold related remediation and repairs, as well as for the water related damages that initially took place in the absence of any mold . . . I do not see any additional coverage that can be provided for the additional repair work necessary in the home as result of the mold related repairs").

In opposition, plaintiff contends that a May 17, 2010 letter that accompanied the supplemental payment specifically stated that plaintiff had another year to submit documentation of repairs. Opp'n at 6. Therefore, according to plaintiff, the tolling period did not end until May 17, 2011. Id. Alternatively, plaintiff argues that defendant's June 24, 2010 letter marks the end of the tolling period because it is the "only" letter to include "written notification informing the insured of his or her right to have the matter reviewed by the California Department of Insurance, along with applicable contact information, as well as written notice of any statute of limitation or other time period requirements the insurer may rely upon to deny a claim." Id. at 11 (citing Title 10, Cal Code Regs., § 2695.7(b)(1)). By contrast, plaintiff asserts that the June 3, 2010 letter was equivocal and did not comply with the requisite regulations. Id. at 8, 10–11.

In reply, defendant argues that it permitted plaintiff to submit repair documentation for depreciation recovery only. Reply at 5–6 (citing Rosenblum v. Safeco Ins. Co., 126 Cal. App. 4th 847, 860 (Cal. Ct. App. 2005) for the proposition that the statute of limitations is not tolled for the period that depreciation recovery is pending). Furthermore, defendant argues that the lack of certain formalities, such as using the word "deny," does not render the June 3, 2010 denial "equivocal." Id. at 5 (citing Migliore v. Mid-Century Ins. Co., 97 Cal. App. 4 th 592, 605 (Cal. Ct. App. 2002)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6565 CAS (VBKx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | SEBO BARSEGHIAN v. ALLSTATE INSURANCE COMPANY, ET AL. | | |

The Court finds that the June 3, 2010 denial letter was an unequivocal denial of plaintiff's claim as a matter of law. In order to determine whether a denial letter is unequivocal, courts look to the language of the letter itself. See Migliore, 97 Cal. App. 4th at 605 ("A statement of willingness to reconsider does not render a denial equivocal. [Citations] Nor does the failure to use the words deny or denial render a denial equivocal. [Citations] The letter states that no further benefits will be provided beyond those previously paid. This is unequivocal language that no further payment on the claim would be made."); Gaylord v. Nationwide Mut. Ins. Co., 776 F. Supp. 2d 1101, 1118 (E.D. Cal. 2011) (a denial is unequivocal when its language is "clear and definite"). Here, the June 3, 2010 letter made clear that no further benefits would be paid. After a thorough analysis of the nature and history of the claim, the adjuster concluded:

> Unfortunately, those additional damages to the dwelling solely related to mold remediation [are] limited to the $5,000 limit. . . . I do not see any additional coverage that can be provided for the additional repair work necessary in the home as result of the mold related repairs. The estimate provided includes repairs to many areas of the home not related to the water damage, but [the] mold related damages which would be limited to the $5,000 [policy limit] already [have] been paid.

Defendant's Exh. K at 4.

This language is similar to language other courts have found to be unequivocal denials. See, e.g., Shugerman v. Allstate Ins. Co., 594 F. Supp. 2d 1131, 1136 (C.D. Cal. 2009) ("Unfortunately, we are unable to find coverage for part of your claim, specifically plumbing."); Migliore, 97 Cal. App. 4th at 599 ("Unfortunately, however, we are unable to extend coverage to you for any pre-existing damages or losses caused by pre-existing damages."); Gaylord, 776 F. Supp. 2d at 1118 ("Unfortunately, the policy does not cover heads of cattle unless they are specifically scheduled in the declarations page. Therefore, we are unable to cover the loss."); Gurrola v. Allstate Ins. Co., 2008 WL 4554879, at *5 (C.D. Cal. Oct. 6, 2008) ("[B]ottom line is that Allstate has paid what we believe to be the actual cash value of the repairs necessary as a result of the fire."). Contrary to plaintiff's contention, the fact that defendant failed to include language about the one-year statute of limitations does not render the denial equivocal. See Migliore, 97 Cal. App. 4th at 606 ("No case has established that inclusion of this information in a denial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6565 CAS (VBKx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | SEBO BARSEGHIAN v. ALLSTATE INSURANCE COMPANY, ET AL. | | |

letter is necessary to qualify the letter as an 'unequivocal' denial, and we decline to do so."). Accordingly, the June 3, 2010 letter sent by defendant to plaintiff unequivocally established "the time the insurer formally denie[d] the claim in writing." Prudential-LMI Com. Insurance, 51 Cal. 3d at 687. Plaintiff therefore had until June 3, 2011 to file suit, unless he can demonstrate grounds for equitable tolling.[4]

### B. Equitable Estoppel

"An estoppel arises as a result of some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action." Prudential-LMI Commercial Ins., 51 Cal. 3d at 690. To establish equitable estoppel, plaintiff must prove the following factors:

> (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and, (4) he must rely upon the conduct to his injury.

Spray, Gould & Bowers v. Associated Int'l Ins. Co., 71 Cal. App. 4th 1260, 1268 (Cal. Ct. App. 1999); see also Croskey et al., Cal. Practice Guide: Insurance Litigation (Rutter Group 2011) ¶ 6:149(b) at 6A-50.2.

---

[4] Whether defendant's May 17, 2010 supplemental payment marked the end of the tolling period presents a triable issue of fact. Compare Prudential-LMI, 51 Cal. 3d at 687 (holding that the tolling period ends only by a formal denial in writing) with Marselis v. Allstate Ins. Co., 121 Cal. App. 4th 122, 126 (Cal. Ct. App. 2004) (finding that the payment of a claim could mark the end of the tolling period when it was the result of a "settlement" reached between the parties). Because the Court finds that the June 3, 2010 letter demonstrates an unequivocal denial, however, and because plaintiff did not file suit until more than one year after receiving the June 3 letter, the May 17, 2010 supplemental payment is not relevant to the issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6565 CAS (VBKx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | SEBO BARSEGHIAN v. ALLSTATE INSURANCE COMPANY, ET AL. | | |

"For example, if the insurer expressly extends the one-year suit provision during its claim investigation . . . [or] leads its insured to believe that an amicable adjustment of the claim will be made, thus delaying the insured's suit," the insurer will be estopped from asserting a statute of limitations defense. Spray, Gould, 71 Cal. App. 4th at 1268. Furthermore, pursuant to Tit. 10, Cal. Code Regs. §§ 2695.4(a) and 2695.7(f), equitable estoppel may apply if the insurer fails to notify the insured of any contractual limitations provision or the one-year statute of limitations once a claim is denied. Id. at 1269; Tit. 10, Cal. Code Regs. § 2695.4(a) ("Every insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant."); § 2695.7(f) ("Except where a claim has been settled by payment, every insurer shall provide written notice of any statute of limitation or other time period requirement upon which the insurer may rely to deny a claim."); Superior Dispatch, Inc. v. Ins. Corp. of New York, 181 Cal. App. 4th 175, 190 (Cal. Ct. App. 2010).

Here, defendant argues that it is not equitably estopped from asserting the statute of limitations as an affirmative defense for two reasons. Mot. at 13. First, defendant argues that subsequent correspondence between defendant and plaintiff demonstrating a willingness to reconsider does not justify tolling beyond the unequivocal denial. Id. Second, defendant asserts that it did not make any misrepresentations about the status of the claim and plaintiff did not rely on any representation that the claim was still being considered such that estoppel should apply. Id.

In opposition, plaintiff argues that the May 17, 2010 letter accompanying the initial payment led him to believe that he would have "at least one year" thereafter to submit further claims under the policy. Opp'n at 10. Furthermore, plaintiff argues that the statute should be tolled until at least June 24, 2010 because the June 3, 2010 letter failed to disclose the one-year limitations provision as required by Tit. 10, Cal. Code Regs. § 2695.7. Id. at 9–11 (citing Spray, Gould & Bowers v. Associated Int'l Ins. Co., 71 Cal. App. 4th 1260 (1999)).

In reply, defendant argues that it was not required to provide notice of the one-year limitations provision in the June 3, 2010 letter because it had already paid on the policy on May 17, 2010. Reply at 10 (citing Tit. 10, Cal. Code of Regs. § 2695.7(f)). Additionally, defendant argues that § 2695.7(f) does not apply because plaintiff was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6565 CAS (VBKx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | SEBO BARSEGHIAN v. ALLSTATE INSURANCE COMPANY, ET AL. | | |

represented by an attorney.  Id. (citing Flintkote Co. v. General Acc. Assur. Co. of Canada, 480 F.Supp.2d 1167, 1180 (N.D. Cal. 2007)).

The Court finds that there is a triable issue of fact as to whether defendant is equitably estopped from asserting the statute of limitations as a defense.  It is undisputed that defendant did not include language about the one-year limitations period until its June 24, 2010 letter as required by Tit. 10, Cal. Code Regs. § 2695.4(a) and § 2695.7(f).  Although defendant is correct that it was not required to disclose the statutory limitations provision pursuant to § 2695.7(f) because plaintiff was represented by counsel, see id. ("This subsection shall not apply to a claimant represented by counsel on the claim matter"), § 2695.4(a) contains no such limitation.  The California Court of Appeal recently discussed the overlap between these two subsections:

> Section 2695.4, subdivision (a) applies to contractual limitations provisions and other policy provisions that may apply to the claim and applies only to first party claimants.  Section 2695.7, subdivision (f), in contrast, applies to statutes of limitations and any "other time period requirement upon which the insurer may rely to deny a claim," and applies to first party and third party claimants.  Thus, the two regulations differ in scope.  Although there is some overlap in that both regulations require an insurer to notify a first party claimant of contractual limitations provisions, this apparent redundancy does not indicate that either regulation was intended to supplant the other.  Moreover, there is no conflict.  An insurer can comply with both notice requirements with respect to contractual limitations provisions by timely providing written notice of those provisions.

> Section 2695.4, subdivision (a) requires an insurer to disclose to its insured claimant any contractual limitations provision, and other policy provisions, that may apply to the claim.  Unlike section 2695.7, subdivision (f), section 2695.4, subdivision (a) does not state that the notice requirement is inapplicable if the claimant is represented by counsel.  The language in section 2695.7, subdivision (f), "This subsection shall not apply to a claimant represented by counsel on the claim matter," exempts an insurer from the notice requirement in section 2695.7, subdivision (f), but by its own terms does not exempt an insurer from the notice requirement in section 2695.4, subdivision (a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6565 CAS (VBKx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | SEBO BARSEGHIAN v. ALLSTATE INSURANCE COMPANY, ET AL. | | |

Superior Dispatch, 181 Cal. App. 4th at 189–90 (reversing trial court's determination that § 2695.7(f) supplanted § 2695.4(a) because the former is a "more specific provision").

Accordingly, "[a]n insurer's failure to notify its insured of a contractual limitations provision [pursuant to § 2695.4(a)] establishes an equitable estoppel to rely on the provision if the insured had no actual knowledge of the provision and the insured's failure to discover the provision by other means was reasonable." Id. at 180.  See also Neufeld v. Balboa Ins. Co., 84 Cal. App. 4th 759, 763 (Cal. Ct. App. 2000) ("If there is to be any judicial recognition of the commissioner's time disclosure regulation, it would naturally be in the context of an estoppel to assert the one-year suit provision."); Migliore, 97 Cal. App. 4th at 606 ("At best, Spray, Gould establishes that failure to mention the one-year statute may give rise to an estoppel to rely on the statute of limitations."); Spray, Gould, 71 Cal. App. 4th at 1271 (noting that "after-the-fact" administrative sanctions do nothing to rectify the wrong the disclosure regulation was "designed to prevent," and it is therefore up to the courts to use "their equitable powers" to "require compliance" with the regulation).

Because defendant did not disclose the one-year provision until the June 24, 2010 letter, it will be equitably estopped from asserting the statute of limitations if plaintiff can demonstrate he "had no actual knowledge of the provision" and whether his "failure to discover the provision by other means was reasonable." Superior Dispatch, 181 Cal. App. 4th at 180.  "The reasonableness of [plaintiff's] reliance on [defendant's] nondisclosure of the contractual limitations provision, that is, the reasonableness of [plaintiff's] failure to discover the provision by other means, is a question of fact." Id. at 190–91 (reversing order granting summary judgment).

Accordingly, defendant's motion for summary judgment is DENIED.[5]

---

[5] The fact that the one-year limitations provision is clearly stated in the policies at issue is not relevant to the question of reasonableness, because § 2695.4(a) "was intended to ensure that all insured claimants receive actual notice of any contractual limitations provision after the claim is presented, regardless of how conspicuous the provision may be in the policy." Superior Dispatch, 181 Cal. App. 4th at 190 (citing Spray, Gould, 71 Cal. App. 4th at 1272–73).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6565 CAS (VBKx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | SEBO BARSEGHIAN v. ALLSTATE INSURANCE COMPANY, ET AL. | | |

## V.     CONCLUSION

In accordance with the foregoing, defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.

|  |  | 00 | : | 02 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |